Rupert, Appellant, *v.* Policemen's Relief and Pension Fund.

Argued November 12, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

 

*James A. Danahey*, with him *J. I. Simon*, for appellant.

*John R. Luke*, for appellee.

OPINION BY MR. JUSTICE CHIDSEY, January 17, 1957:

This appeal raises the question whether an Act of the Legislature amending an earlier Act by changing the class of beneficiaries entitled to a pension fund after the death of the pension member, can be applied retroactively in favor of the designated beneficiaries under the amending Act.

The facts, which are stipulated, may be summarized as follows: The decedent, William C. Rupert, worked continuously as a patrolman in the police department of the City of Pittsburgh from the time of his appointment, June 12, 1923, until his death on October 10, 1955. Upon entering the department decedent contributed a portion of his monthly salary to the Policemen's Pension Fund Association of that city, hereinafter referred to as the old fund. He complied with the charter and by-laws of the latter association and paid the necessary dues until August 3, 1935 when he applied for membership in the Policemen's Relief and Pension Fund of the City of Pittsburgh, hereinafter referred to as the new fund, created by the Act of May 22, 1935, P. L. 233, 53 PS §9444 et seq. In accordance with subsection 3 of Section 8 of the Act of 1935 the application filed by the decedent provided as follows: "I hereby make application for membership in the [new fund] . . . and in consideration of being admitted to membership therein, I hereby waive all rights to receive or be paid any pension other than a Death Benefit from the [old fund] . . . and consent that the Charter and By-Laws of the [old fund] . . . shall be so amended as to provide for the payment of Death Benefits only and no other pensions. I hereby assign to the [new fund] . . . all amounts contributed by me to the [old fund] . . . The amount assigned by me is to be credited to my account in the [new fund] . . . which shall repay the amount thereof to me or my *executor or administrator* in case I should resign . . . or should die while in active service . . .". (Emphasis supplied).

At the time decedent applied for membership in the new fund Section 11 of the Act of 1935, supra, provided: "When any member of the fund shall resign or be dismissed from service, or shall die while in active

service, there shall be paid to him or to his *executor or administrator*, if his service has been terminated by death, from the fund, all dues paid by him into the fund without interest, and all monies which the fund may have received under any assignment made by the said member to the fund at the time of his admission to membership, under the provisions of sub-section (3) of section 8 hereof.". (Emphasis supplied). Decedent, having contributed regularly into the new fund from the time he became a member, attained the superannuation age and served the requisite period of time for pension eligibility in 1944. Despite his pensionable status at that time, he never exercised his right to retire. Thereafter in 1947, while he remained in active service, Section 11 of the Act of 1935, supra, was amended by the Act of June 25, 1947, P. L. 919, §1, 53 PS §9454 (P.P.), to read as follows: "When any member of the fund shall resign or be dismissed from service, or shall die while in active service, there shall be paid to him *or to his widow,* and if no widow survive, to his executor or administrator, if his service has been terminated by death, from the fund, all dues paid by him into the fund without interest, and all monies which the fund may have received under any assignment made by the said member to the fund at the time of his admission to membership . . .". (Emphasis supplied).

Shortly after the pensioner's demise in 1955, the plaintiff, Margaret Rupert, his widow, having claimed rights under the 1947 amendment, brought an action in assumpsit against the defendants, Policemen's Relief and Pension Fund of the City of Pittsburgh and Chester B. Morley, its executive secretary, to recover the sum credited to her husband's account. After the defendant, Potter Bank and Trust Company, adminis-

trator of the pensioner's estate,[1] also asserted rights under the Act of 1935, the fund disclaimed any interest and the administrator was made a party to the action by amicable interpleader proceedings. The rival claimants stipulated to the facts as stated and both filed motions for judgment on the pleadings. The court entered judgment in favor of the administrator. The widow appeals therefrom.

Of the many constitutional arguments advanced by the administrator the court below was of opinion that the amendment of 1947 if enforced as to decedent or his estate would be violative of Article I, Section 17 of the Pennsylvania Constitution inhibiting laws impairing the obligation of contracts and accordingly concluded that the widow could not avail herself of the rights afforded by it. We are in accord with the result reached by the court below but for a different reason, making it unnecessary to consider any of the constitutional arguments advanced by the administrator.[2] We deem the matter one of statutory construction.

The general rule of construction is that amendatory statutes are not to be construed as retroactive unless such a construction is so clear as to preclude all questions as to the intention of the Legislature: *Commonwealth v. Repplier Coal Company*, 348 Pa. 372, 35 A.

---

[1] In addition to his widow decedent was survived by two sons, a daughter and two grandchildren.

[2] A constitutional question will not be passed on unless it is absolutely necessary to decide the case before the court: *Robinson Township School District v. Houghton (et al.)*, 387 Pa. 236, 128 A. 2d 58; see, also, *Commonwealth, to use of Dollar Savings & Trust Co., Trustee v. Picard et al.*, 296 Pa. 120, 124, 145 A. 794; *Sablosky v. Messner*, 372 Pa. 47, 60, 92 A. 2d 411; *Altieri v. Allentown Officers' and Employees' Retirement Board*, 368 Pa. 176, 180, 81 A. 2d 884.

2d 319; Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 PS §556; *Sawdey Liquor License Case*, 369 Pa. 19, 22, 85 A. 2d 28. When the language of a statute is general, and might be given both retroactive and prospective operation, it will be held to be prospective only: *Commonwealth ex rel. Greenawalt v. Greenawalt*, 347 Pa. 510, 512, 32 A. 2d 757. This canon of statutory construction is particularly applicable when the legislation in question interferes with existing contractual obligations or antecedent rights: *Wettengel v. Robinson et al.*, 300 Pa. 355, 150 A. 658.

Whereas the rule is otherwise in many jurisdictions, we consistently have held that contributory pension acts similar to the one under consideration do not confer gratuities on municipal employes but provide for a system of retirement pay, deferred pay or adjusted compensation for years of service actually given in the performance of public duties: *Retirement Board of Allegheny County v. McGovern et al., Commissioners*, 316 Pa. 161, 174 A. 400; *McBride v. Allegheny County Retirement Board et al.*, 330 Pa. 402, 199 A. 130; *Kane v. Policemen's Relief and Pension Fund of Pittsburgh et al.*, 336 Pa. 540, 9 A. 2d 739; *Bausewine v. Philadelphia Police Pension Fund Association*, 337 Pa. 267, 10 A. 2d 446; *Baker v. Retirement Board of Allegheny County*, 374 Pa. 165, 97 A. 2d 231; *Hickey v. Pittsburgh Pension Board*, 378 Pa. 300, 106 A. 2d 233. In *Kane v. Policemen's Relief and Pension Fund of Pittsburgh*, supra, we specifically recognized the contractual status of the undertaking between the policeman and the pension fund. Since pension policies are considered contracts they are property and create certain vested rights in the member. In the instant case it is not disputed that a contractual relationship existed between the decedent and the defendant fund and that

as a result thereof the decedent had a vested right in the pension fund.

The terms of the contract between the decedent and the fund as found in the Act of 1935 and the application for membership expressly provided that any funds contributed by the member would be returned to his executor or administrator in the event of his death and that the member waived any pension in the old fund other than a death benefit. This obligation on the part of the fund, at the time of the pensioner's entry into the plan, to pay the amount credited to his account at his death to his executor or administrator was unquestionably one of the inducements offered decedent to join the fund and as such formed a part of his pension benefits and became a part of his contract of employment. The pensioner contracted not only to have his contribution returned to him upon his retirement but also for payment to his executor or administrator upon his death. That this was a substantial benefit cannot be gainsaid for the decedent could have bequeathed this property as he desired or allowed it to be distributed to his heirs according to the Intestate Act of 1947. It is patent that if the 1947 amendment to the 1935 pension Act were to be given a retrospective operation this benefit would be substantially altered, for the funds contributed by the member would then be paid to his widow in toto. The imposition of such a condition would be a clear deviation from the terms expressed in the contract resulting under the Act of 1935. We find nothing in the language of the 1947 amendment to justify the belief that it was intended to apply to past rights, and consequently under the rule of interpretation previously stated, must conclude that it was intended to apply to policemen joining the fund subsequent to the passage of the amendment.

Judgment affirmed.