489 A.2d 883

**Andrew M. KOVACH and Ann A. Kovach, His Wife, Appellants,**

**v.**

**GENERAL TELEPHONE COMPANY OF PENNSYLVANIA, a Pennsylvania Corporation.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1984.

Filed March 8, 1985.

---

Patrick J. DeMay, Bethel Park, for appellants.

Daniel W. Rullo, Somerset, for appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

CIRILLO, Judge:

This is an appeal by appellants Andrew and Ann Kovach from a judgment entered by the Court of Common Pleas of Somerset County. We affirm.

Early in the 1960s, General Telephone Company of Pennsylvania (GTE) contracted with radio station WWBR, Inc., to erect telephone poles and transmission lines that would connect the station with its antenna facility. In 1963, GTE contacted Mary Bosak,[1] predecessor in title to the land in question, and sought permission to erect telephone poles and transmission lines on her property. Mrs. Bosak gave GTE oral permission and, at considerable expense and labor, the equipment was installed on the property.

The Kovachs began renting the Bosak property in 1965, and four years later purchased it. At trial, appellants repeatedly acknowledged their awareness of the telephone poles and transmission lines on the property at the time of the purchase.

In 1980, the Kovachs filed a complaint in equity against GTE and WWBR, alleging a continuous trespass because of the presence of the equipment. Appellants demanded removal of the poles and lines and damages for the trespass.

All parties filed motions for summary judgment. The chancellor granted WWBR's motion on the basis of GTE's admission that the radio station played no role in "the selection of sites for the poles, the acquisition of the required rights in the property selected, or the installation of the poles and line." The motions by appellants and GTE were denied.

Following a trial before the chancellor in equity, a decree nisi was entered dismissing the Kovachs' cause of action and assessing them the costs appellee incurred in defending the action. Exceptions to the decree were argued and dismissed by the court en banc, and judgment was entered for GTE.

In equity matters, our scope of review is restricted. The chancellor's finding of fact, affirmed by the court en banc, have the effect of a jury verdict and will not be

1. Mrs. Bosak died in 1971.

reversed on appeal if adequate evidence is present to support them and they are not premised on erroneous inferences and deductions or an error of law. *Piercing Pagoda, Inc. v. Hoffner,* 465 Pa. 500, 351 A.2d 207 (1976); *Onorato v. Wissahickon Park, Inc.,* 430 Pa. 416, 244 A.2d 22 (1968). Thus, our function is not to substitute our view for the chancellor's but, rather, to determine whether a judicial mind, on due consideration of the evidence as a whole, could reasonably have reached the conclusion of the chancellor. *Aiken Industries, Inc. v. Estate of Wilson,* 477 Pa. 34, 383 A.2d 808 (1978); *Payne v. Kassab,* 468 Pa. 226, 361 A.2d 263 (1976). Nevertheless, conclusions of law or fact, being derived from nothing more than the chancellor's reasoning for underlying facts and not involving a determination of credibility of witnesses, are reviewable. *Felmlee v. Lockett,* 466 Pa. 1, 351 A.2d 273 (1976); *In Re Estate of Thomas,* 463 Pa. 284, 344 A.2d 834 (1975).

*Krosnar v. Schmidt Krosnar McNaughton,* 282 Pa.Super. 526, 534, 423 A.2d 370, 374 (1980). *See also Village Beer & Beverage v. Vernon D. Cox & Co.,* 327 Pa.Super. 99, 475 A.2d 117 (1984); *Dailey's Chevrolet v. Worster Realities, Inc.,* 312 Pa.Super. 275, 458 A.2d 956 (1983).

 A license is generally considered a "mere personal privilege to perform an act or series of acts on the land of another." *Dailey's Chevrolet v. Worster Realities, Inc., supra,* 312 Pa.Superior Ct. at 281, 458 A.2d at 960 *quoting Hennebont Co. v. Kroger Co.,* 221 Pa.Super. 65, 69, 289 A.2d 229, 231 (1972). While a license may be created by a written instrument, it is usually created orally, *Hennebont Co. v. Kroger Co., supra,* and it conveys no interest or estate in land. *Thompson v. Commonwealth Department of Highways,* 214 Pa.Super. 329, 257 A.2d 639 (1969) (allocatur denied).

 Licenses are ordinarily revocable at will. Pennsylvania, however, has adopted the equitable doctrine of irrevocable licenses. This doctrine, based upon the equitable principle of estoppel, recognizes that, "if a license, . . . is given by parol, then followed by the expenditure of money,

on the faith of the parol agreement, it is irrevocable and is treated as a binding contract." *Cole v. Ellwood Power Co.,* 216 Pa. 283, 289, 65 A. 678, 680 (1907). *See also Dailey's Chevrolet v. Worster Realities, Inc., supra; Harkins v. Zamichieli,* 266 Pa.Super. 401, 405 A.2d 495 (1979). Once irrevocability is established, "successors-in-title take subject to an irrevocable license if they had notice of the license before the purchase." *Harkins v. Zamichieli, supra,* 266 Pa.Superior Ct. at 407–08, 405 A.2d at 498. *Messinger v. Washington Township,* 185 Pa.Super. 554, 137 A.2d 890 (1958).

■ The first issue appellants present for our review concerns a claim which was not raised in the trial court. Appellants contend that GTE failed to prove the elements of an irrevocable oral license. Specifically, the Kovachs argue that Bosak was one of three owners of the property in question, and, that acting alone, she did not have the authority to grant the license. Matters raised for the first time on appeal are not properly preserved for appellate review and will not be considered. *Daset Mining Corp. v. Industrial Fuels Corp.,* 326 Pa.Super. 14, 473 A.2d 584 (1984); *Novoseller v. Royal Globe Insurance Co.,* 317 Pa. Super. 217, 463 A.2d 1163 (1983); *Cherry v. Willer,* 317 Pa.Super. 58, 463 A.2d 1082 (1983).

Appellants' next contention concerns the admission of testimony of two witnesses, which allegedly violated the hearsay rule. Mary Bosak's daughter, Helen Krise, testified about a conversation that took place between Bosak and a GTE representative, Thomas Zolbe, and that Bosak granted permission to have the poles and line installed. Zolbe also was allowed to testify about the same conversation.

■ The trial court correctly concluded that the proffered testimony was admissible as an exception to the hearsay rule; the statements made by Krise and Zolbe were admissible as declarations against interest. In *Brown v. McConnell,* 173 Pa.Super. 94, 98, 93 A.2d 896, 898 (1953), we stated: "Declarations of a prior owner *against his interest* made while holding legal title to the property are admissible

in evidence against him and *against* those claiming under him." (Emphasis in original). *Accord School District of Donegal Township v. Crosby,* 171 Pa.Super. 372, 90 A.2d 341 (1952).

In the case at bar, there is no doubt that the statements made by Mrs. Bosak were against her interest—specifically against her pecuniary interest. Appellants' expert witness testified that the value of the property in question was drastically decreased (by 50%) due to the presence of the poles and transmission line. By giving GTE permission to erect the poles and line, Mrs. Bosak reduced the value of her property. Therefore, these statements were admissible against appellants, successors-in-title to the property, to show that permission was given to GTE for the installation of the equipment.

■ A related argument of appellants' is that Zolbe's testimony violated the Pennsylvania Dead Man's Statute, 42 Pa.C.S. § 5930 (a substantial reenactment of the Act of May, 1887, P.L. 158, § 5(e), 22 P.S. § 322). "The Dead Man's Rule was enacted to protect the estate of a decedent against a claim based on testimony of a surviving party as to a transaction with a decedent. The rule exists for the protection of the dead man's estate ..." *Flagship First National Bank v. Bloom,* 288 Pa.Super. 347, 353, 431 A.2d 1082, 1085 (1981).

Our Supreme Court has delineated three criteria which must be present before the statute may be invoked to disqualify a witness.

> (1) the deceased must have had an actual right or interest in the matter at issue, i.e. an interest in the immediate result of the suit; (2) the interest of the witness—not simply the testimony—must be adverse; (3) a right of the deceased must have passed to a party of record who represents the deceased's interest.

*In re Estate of Hendrickson,* 388 Pa. 39, 45, 130 A.2d 143, 145–47 (1957) (footnotes and emphasis omitted). *See also In re Estate of Rider,* 487 Pa. 373, 409 A.2d 397 (1979); *In re Estate of McFetridge,* 472 Pa. 546, 372 A.2d 823 (1977).

Applying these factors to the instant matter, it is clear that the first and third criteria are not present. As such, the Dead Man's statute is not applicable and Mr. Zolbe was competent to testify.

■ Having concluded that an oral license was given to GTE, we must now determine if the license was irrevocable and whether appellants took the property subject to the irrevocable license. The evidence presented at trial showed that the equipment was placed on the property at considerable expense and labor to GTE on the faith of the permission given by Mrs. Bosak. This evidence was sufficient to establish the irrevocability of the license. *Cole v. Ellwood, supra; Dailey Chevrolet v. Worster Realities, Inc., supra; Harkins v. Zamichieli, supra.* Moreover, appellants' repeated references to the fact that they were aware of the presence of the equipment when they purchased the property is sufficient to establish notice. Consequently, when the Kovachs purchased the property, they purchased it subject to the irrevocable license.

We are convinced that the chancellor could reasonably have reached the conclusion that appellee had met its burden of proving the existence of an irrevocable license. GTE's evidence was direct, clear, and convincing. *Reagan v. Curran,* 226 Pa. 265, 75 A. 362 (1910).

Judgment affirmed.