611 A.2d 293

**Farajollah ZIVARI and Ingeborg Zivari, h/w, Appellants,**

v.

**Richard WILLIS, Jr. and Evelyn Willis, h/w.**

Superior Court of Pennsylvania.

Argued April 21, 1992.

Filed July 23, 1992.

David M. MacFarlan, Horsham, for appellants.

William E. Benner, Doylestown, for appellees.

Before ROWLEY, President Judge, and MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge:

This is an appeal from a final decree in equity which dismissed appellants' attempt to enjoin appellees from using a private road located on appellants' property. On appeal, appellants, Farajollah and Ingeborg Zivari, assert that the chancellor erred in concluding that: (1) they had waived their right to prevent appellees, Richard and Evelyn Willis, from using the road; and, (2) they were estopped from denying appellees the right to use the road. We affirm the chancellor's order.

The parties to this dispute own adjoining properties in a Bucks County, Pennsylvania, subdivision. Within this subdivision, there is a public road that culminates in a cul-de-sac upon which both properties abut. When appellees purchased their property, they accessed the cul-de-sac via a driveway located entirely on their property. Wishing to add various improvements to their property, appellees retained an architect and contractor. Appellees' intent was to close their original driveway and construct a new driveway which they planned to connect to appellants' private road, thereby gaining access to the cul-de-sac. This required that appellees be able to use approximately one-hundred feet of appellants' road.

Without consulting appellants, appellees began constructing the new driveway. The chancellor found that two days later, Mr. Zivari questioned appellees as to what their intention was with regard to the construction project. Upon learning that appellees were building a garage and new driveway, Mr. Zivari made some comment about the

project and then concluded the conversation by stating, " '[w]ell of course, I'll let you use it, but you should have asked.' " (N.T., 8/1/1991, at 55). This statement purportedly gave appellees the right to use appellants' road.[1] Appellees then proceeded with the construction of the garage and driveway.

A few months after the project was finished, appellants filed a complaint in equity seeking to enjoin appellees from using the road. After a hearing on the merits, the chancellor filed an adjudication and decree nisi dismissing appellants' complaint. Appellants then filed a motion for post-trial relief. This motion was denied and the trial court entered an order making the decree nisi the final order of the court. This timely appeal followed.

Preliminarily, we note that our scope of review in this matter is particularly limited. We must accept the chancellor's findings of fact and we will not reverse the chancellor's determination absent a clear abuse of discretion or error of law. *Gurenlian v. Gurenlian*, 407 Pa.Super. 102, 595 A.2d 145 (1991); *Werner v. Werner*, 393 Pa.Super. 125, 573 A.2d 1119 (1990), *alloc. denied*, 527 Pa. 668, 593 A.2d 843 (1991). "[W]here the chancellor's findings are largely dependent upon the credibility of witnesses, [as is the case here,] the findings are entitled to particular weight, as the chancellor had the opportunity to observe the demeanor of the witness." *Walley v. Iraca*, 360 Pa.Super. 436, 441, 520 A.2d 886, 889 (1987).

This appeal presents a straight forward issue for our review. Specifically, whether appellants are estopped from asserting their right to deny appellees access to the road or whether they have waived their right to bar appellees from the road. We find that appellants have waived their right to bar appellees from the road and they are also estopped from denying appellees access to the road.

Under Pennsylvania law:

1. Appellants assert that this statement was never made and that they have never given appellees permission to use their road.

[e]quitable 'estoppel arises when one by his acts, repre-
sentations, of admissions, or by his silence when he ought
to speak out, intentionally or through culpable negligence
induces another to believe certain facts to exist and such
other rightfully relies and acts on such belief, so that he
will be prejudiced if the former is permitted to deny the
existence of such facts. In this situation, the person
inducing the belief in the existence of a certain state of
facts is estopped to deny that the state of facts does in
truth exist, aver a different or contrary state of facts as
existing at the same time, or deny or repudiate his acts,
conduct or statements.'

*Northwestern Nat. Bank v. Commonwealth*, 345 Pa. 192,
196–7, 27 A.2d 20, 23 (1942) (citations omitted). And, waiv-
er is the:

act of *intentionally* relinquishing or abandoning some
known right, claim or privilege. To constitute a waiver of
legal right, there must be a clear, unequivocal and deci-
sive act of the party with knowledge of such right and an
evident purpose to surrender it[.] Waiver is essentially a
matter of intention. It may be expressed or implied.
'[I]n the absence of an express agreement a waiver will
not be presumed or implied contrary to the intention of
the party whose rights would be injuriously affected
thereby, unless by his conduct the opposite party has
been misled, *to his prejudice,* into the honest belief that
such waiver was intended or consented to.' In short, the
doctrine of implied waiver in Pennsylvania applies only to
situations involving circumstances equivalent to an estop-
pel, and the person claiming the waiver to prevail must
show *that he was misled and prejudiced thereby*[.]

*Brown v. City of Pittsburgh*, 409 Pa. 357, 360, 186 A.2d
399, 401 (1962) (citations omitted and emphasis in original).

Here, the chancellor found that Mr. Zivari expressly
consented to appellees' use of the road. (Adjudication and
Decree Nisi of November 23, 1990 at 9). Because the
chancellor had the opportunity to observe the demeanor of
the witnesses and assess their credibility, we are bound by

this finding of fact as there is no evidence that the chancellor abused its discretion or committed an error of law when making this determination. *Werner, supra.*

When Mr. Zivari made this statement, he gave appellees the privilege of using the road subject to appellants' power to revoke the privilege at will. *Kovach v. General Tel. Co. of Pa.,* 340 Pa.Super. 144, 489 A.2d 883 (1985). However, once appellees relied on this statement to their detriment, appellants are estopped from denying appellees access to the road, *Northwestern Nat. Bank, supra,* and they have waived their legal right to revoke the privilege. *Brown, supra.*

Appellants assert that by finding estoppel and waiver, the chancellor created an easement by parol. This argument is meritless.

Initially, Mr. Zivari's statement created a license revocable at will. *Kovach, supra.* However, this, otherwise revocable license, became irrevocable once appellees expended money and treated their own property in a manner that they would not otherwise have treated it, but for the license. *Id.,* 340 Pa.Superior Ct. at 148–9, 489 A.2d at 885; *Dailey's Chevrolet, Inc. v. Worster Realties, Inc.,* 312 Pa.Super. 275, 458 A.2d 956 (1983); *Harkins v. Zamichieli,* 266 Pa.Super. 401, 405 A.2d 495 (1979). *See Thompson v. McElarney,* 82 Pa. 174 (1876) (oral license cannot be revoked where it induces another to incur expense that would not otherwise have been incurred); *Huff v. McCauley,* 53 Pa. 206 (1866) (grant of a license becomes irrevocable if followed by the expenditure of money on the faith of the grant). And once the license became irrevocable, appellants' successors-in title take subject to the license if they have notice of the license before purchase. *Kovach, supra; Harkins, supra.*

Thus, it is apparent that appellees' right to use the road is not an easement by parol, but rather an irrevocable license. Accordingly, we affirm the chancellor's order.