655 A.2d 125

**Eleanora SORACE, Appellant,**

v.

**Salvatore D. SORACE, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1994.

Filed Feb. 14, 1995.

Leonard A. Sloane, Jennifer L. Abram, Media, for appellant.

Richard A. Mitchell, Media, for appellee.

Before McEWEN, TAMILIA and FORD ELLIOTT, JJ.

McEWEN, Judge:

Appellant, Eleanora Sorace, has taken this appeal from the order which dismissed her Petition for Special Relief seeking enforcement of a marriage settlement agreement. We affirm in part, reverse in part, and remand for proceedings consistent with this Opinion.

Appellant and appellee, Salvatore D. Sorace, were divorced by order dated February 26, 1981. A marriage settlement agreement, signed by appellant on June 17, 1982, and by appellee on September 9, 1982, was incorporated into, but not merged with, the divorce decree entered on November 23, 1983. Appellant alleged, and appellee conceded, that on or about December 1990, appellee breached the marriage settlement agreement by refusing to pay any further sums due thereunder, causing appellant to file a Petition for Special Relief with the Court of Common Pleas of Delaware County. The trial court, based on the stipulated facts submitted by the parties, denied the petition for special relief on the ground that the marriage settlement agreement of the parties precluded the relief requested. This appeal timely followed.

> Our standard of review in equity actions is well settled: The standard of review of a decision by an equity court is limited. A chancellor's finding of fact will not be disturbed absent an abuse of discretion, a capricious disbelief of the evidence, or a lack of evidentiary support on the record for the findings. A chancellor's conclusions of law are subject to stricter scrutiny. Unless the rules of law relied upon are palpably wrong or clearly inapplicable, however, a grant of injunctive relief will not be reversed on appeal. *Jersey Shore Area School District v. Jersey Shore Education Association,* 519 Pa. 398, 548 A.2d 1202 (1988).

*Masloff v. Port Authority of Allegheny County,* 531 Pa. 416, 420, 613 A.2d 1186, 1188 (1992). *See also: Marra v. Stocker,* 532 Pa. 187, 191, 615 A.2d 326, 328 (1992); *Sentz v. Crabbs,*

428 Pa.Super. 205, 207, 630 A.2d 894, 895 (1993); *Pittsburgh Live, Inc. v. Servov,* 419 Pa.Super. 423, 428, 615 A.2d 438, 441 (1992); *Zivari v. Willis,* 416 Pa.Super. 432, 435, 611 A.2d 293, 295 (1992).

Appellant contends that the trial court erred in dismissing the petition for special relief since:

1. The trial court may apply the amended provisions of the Divorce Code to a pre-amendment property settlement agreement, and

2. The court may enforce the property settlement agreement which was incorporated into the parties' divorce decree, using the full enforcement provisions enumerated in the Divorce Code, 23 Pa.C.S. §§ 3101 *et seq.,* as amended.

Having reviewed the terms of the marriage settlement agreement, the pleadings of the parties, and the opinion of the trial court, we find ourselves unable to agree that none of the enforcement provisions of the 1988 Amendments to the Divorce Code are available to appellant. We do agree with the trial court, however, that appellant is not entitled to utilize wage attachment to enforce the terms of the marriage settlement agreement.

Marriage settlement agreements are governed by the law of contracts. *delCastillo v. delCastillo,* 420 Pa.Super. 520, 522, 617 A.2d 26, 28 (1992), *allo. denied,* 535 Pa. 668, 634 A.2d 1116 (1993); *Luber v. Luber,* 418 Pa.Super. 542, 546, 614 A.2d 771, 773 (1992), *allo. denied,* 535 Pa. 636, 631 A.2d 1008 (1993); *McMahon v. McMahon,* 417 Pa.Super. 592, 598, 612 A.2d 1360, 1363 (1992); *Brower v. Brower,* 413 Pa.Super. 48, 55, 604 A.2d 726, 730 (1992); *Jackson v. Culp,* 400 Pa.Super. 519, 522, 583 A.2d 1236, 1238 (1990), *allo. denied,* 529 Pa. 621, 600 A.2d 537 (1991); *DeMatteis v. DeMatteis,* 399 Pa.Super. 421, 430, 582 A.2d 666, 671 (1990); *Bell v. Bell,* 390 Pa.Super. 526, 529, 568 A.2d 1297, 1299 (1990); *D'Huy v. D'Huy,* 390 Pa.Super. 509, 514, 568 A.2d 1289, 1292 (1990), *allo. denied,* 525 Pa. 646, 581 A.2d 572 (1990); *Caccavo v. Caccavo,* 388 Pa.Super. 459, 464, 565 A.2d 1199, 1202 (1989); *Sonder v. Sonder,* 378 Pa.Super. 474, 491, 549 A.2d 155, 164 (1988);

*Wertz v. Anderson,* 352 Pa.Super. 572, 577–80, 508 A.2d 1218, 1221–22 (1986), *allo. denied,* 514 Pa. 625, 522 A.2d 51 (1987). When analyzing contracts which involve clear and unambiguous terms, a court must look to the writing itself to give effect to the parties' understanding. *Creeks v. Creeks,* 422 Pa.Super. 432, 434, 619 A.2d 754, 756 (1993); *McMahon v. McMahon, supra,* 417 Pa.Super. at 599, 612 A.2d at 1364. The court must construe the contract only as written and may not rewrite the contract or give it a construction that conflicts with the plain, ordinary and accepted meaning of the words used. *Creeks v. Creeks, supra,* 422 Pa.Super. at 434, 619 A.2d at 756; *Lindstrom v. Pennswood Village,* 417 Pa.Super. 495, 500, 612 A.2d 1048, 1051 (1992).

■ The petition for special relief filed by appellant requested the following relief:

[Appellant] respectfully requests that this Honorable Court grant the within Petition for Special Relief and [1] enjoin and restrain [appellee] from encumbering, dissipating, selling or otherwise alienating any and all material assets of the parties; [2] that a wage attached [sic] be entered against [appellee]; [3] that an accounting be ordered; and [4] such other relief as this Honorable Court deems necessary and appropriate.

The trial court dismissed the petition, finding that the enforcement provisions provided by the 1988 Amendments to the Pennsylvania Divorce Code and, in particular, wage attachment, were not available to appellant since the marriage settlement agreement at issue, which was executed in 1982, had been incorporated but not merged into the final decree of divorce.

Appellee argued and the trial court agreed that the following provisions of the marriage settlement agreement preclude enforcement of the agreement by any means other than those specifically set forth therein.[1] The two provisions relied upon by appellee provide:

1. Section 3105(a) of the Divorce Code provides:

*ONE: RELEASES*

\* \* \* \* \* \*

(b) ... It is specifically understood and agreed that the payments, transfers and other considerations herein recited comprehend and discharge any and all such claims by Eleanora against Salvatore and Salvatore against Eleanora and are, *inter alia,* in full settlement and satisfaction and in lieu of Salvatore's and Eleanora's past, present and future claims against each other on account of maintenance and support, alimony, and also alimony pendente lite, equitable distribution, counsel fees, costs or expenses whether arising as a result of the marital relationship or otherwise, including all economic rights and benefits under the Pennsylvania Divorce Code of 1980, its amendments and supplements, and any other charge of any nature whatsoever pertaining to any divorce proceedings which had been instituted by Eleanora in the Court of Common Pleas of Delaware County, Pennsylvania, or any other counsel fees, costs and expenses incurred or to be charged by any counsel or arising in any manner whatsoever, except, and only except, all rights, and agreements and obligations of whatsoever nature arising or which may arise under this Agreement, or for the breach of any provision thereof.

\* \* \* \* . \* \*

*ELEVEN: NO CHANGE IN CIRCUMSTANCES*

Salvatore and Eleanora have been fully advised by their attorneys that they are entitled to certain property and other rights under the Pennsylvania Divorce Code, effective July 1, 1980, namely, the right to equitable distribution of all marital property, unless statutorily excluded, and the right to alimony after divorce. Nevertheless, Salvatore and Eleanora have decided that, pursuant to this Agreement, it

A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court *except as provided to the contrary in the agreement.*

23 Pa.C.S. § 3105(a) (emphasis supplied).

is in each of their own best interest to waive his or her right to said marital rights and forever release the other spouse from any claims whatsoever for equitable distribution, alimony or any other property, *or other rights they may have under the Pennsylvania Divorce Code, except as specifically set forth in this Agreement,* which is accepted by Salvatore and Eleanora as a fair and equitable Agreement.... (emphasis supplied)

The trial court found that:

The positive statement of enforcement methods available under the agreement in conjunction with the express and repeated waiver of rights under the Divorce Code establishes a clear and unequivocal intention by the parties that the enforcement mechanisms provided by the 1980 Divorce Code and its amendments and supplements are not available to seek compliance of the various obligations contained therein. To ignore those terms of the agreement and now permit [appellant] recourse to the enforcement provisions established under the 1988 Amendments to the Divorce Code would have the effect of rewriting the agreement, which this Court cannot and refuses to do.

Appellee and appellant, in the stipulation of facts submitted to the trial court, agreed that the marriage settlement agreement provided the following remedies for enforcement of the provisions of the agreement:

a. Liquidated Damages (Paragraph 8(c))

b. Contempt Proceedings (Paragraph 8(d))

c. Acceleration of Payments (Paragraph 8(e))

d. Confession of Judgment (Paragraph 8(e))

e. Attorney Fees (Paragraph 8(e))

f. Signing of Judgment Notes (Paragraph 8(f))

g. Entry of Support Order (Paragraph 8(g))

h. Certain Rights in Respondent's Business (Paragraph 8(h))

i. Payment of Interest (Paragraph 9(a))

j. Execution of Collateral Security (Paragraph 9(a))

k. Assignment of Interests (Paragraph 9(c))

l. Notice of Sale of Business (Paragraph 15)

m. Submission to Jurisdiction (Paragraph 22)

n. Confirmation and Waiver of Rights (Paragraph 1(b) and 11)

The marriage settlement agreement, specifically, Paragraph 8(d) also provided:

*In addition to all other remedies at law and equity,* if Salvatore misses any alimony payments, as aforesaid, Eleanora shall have the right to institute the appropriate contempt proceedings before any appropriate court. (emphasis supplied)

Based upon our review of the entire agreement, we are unable to agree with the trial court that the marriage settlement agreement provided for enforcement only as expressly enumerated in the agreement.

Since we are unable to find an express rejection of all remedies other than those specifically enumerated in the marriage settlement agreement, we must proceed to a determination of the applicability of the 1988 amendments to the Divorce Code to this pre-amendment marriage settlement agreement.

Section 3105 was enacted as a codification of the existing Pennsylvania common law. *McMahon v. McMahon, supra,* 417 Pa.Super. at 601, 612 A.2d at 1365. Under both the statute and the common law, where the marriage settlement agreement specifically states that it is to be incorporated into, but not merged with the divorce decree, as in the present case, then the court may not *unilaterally modify* the terms of the agreement. *See: McMahon v. McMahon, supra,* 417 Pa.Super. at 601, 612 A.2d at 1365; *Brower v. Brower, supra,* 413 Pa.Super. at 55, 604 A.2d at 730; *Jackson v. Culp, supra,* 400 Pa.Super. at 522, 583 A.2d at 1238; *DeMatteis v. DeMatteis, supra,* 399 Pa.Super. at 430, 582 A.2d at 671; *Sonder v. Sonder, supra,* 378 Pa.Super. at 493, 549 A.2d at 165; *McGough v. McGough,* 361 Pa.Super. 391, 392–95, 522 A.2d

638, 639–40, *allo. denied,* 515 Pa. 623, 531 A.2d 431 (1987). The rationale for this principle is the notion that, since the marriage settlement agreement is not merged with the divorce decree, it remains a contract, subject to the laws applicable to contracts. *See: McMahon v. McMahon, supra,* 417 Pa.Super. at 601, 612 A.2d at 1365; *Brower v. Brower, supra,* 413 Pa.Super. at 55–59, 604 A.2d at 730–31; *Jackson v. Culp, supra,* 400 Pa.Super. at 522, 583 A.2d at 1238; *DeMatteis v. DeMatteis, supra,* 399 Pa.Super. at 430, 582 A.2d at 671; *Sonder v. Sonder, supra,* 378 Pa.Super. at 491, 549 A.2d at 164.

Prior to the adoption of the 1988 amendments to the Divorce Code, a marriage settlement agreement which provided for incorporation but rejected merger was:

> not enforceable under the Divorce Code. That is, the remedies of attachment of the person and wage attachment [were] not permissible when the agreement reject[ed] merger". [*Sonder v. Sonder,* 378 Pa.Super. 474, 549 A.2d 155, (1988)]; *Dechter v. Kaskey,* 379 Pa.Super. 45, 48, 549 A.2d 588, 590 (1988). Such agreements, however, are governed by the law of contract, and are still enforceable in an action in assumpsit or in equity by specific performance although the remedies for enforcement of support orders are not available.

*Andursky v. Andursky, supra,* 382 Pa.Super. at 3, 554 A.2d at 573. This Court has repeatedly refused to allow the enforcement remedies of attachment of the person and wage attachment to be applied to a pre–1988 marriage settlement agreement while permitting the use of all enforcement procedures which do not "involve a change in obligations of the parties", *Jackson v. Culp, supra,* 400 Pa.Super. at 522, 583 A.2d at 1238, to be applied to pre–1988 marriage settlement agreements. *See: Brangs v. Brangs,* 407 Pa.Super. 43, 50 n. 6, 595 A.2d 115, 119 n. 6 (1991); *Andursky v. Andursky, supra; Dechter v. Kaskey, supra.* The refusal of this Court to permit the use of wage attachment and contempt proceedings while permitting the use of other remedies provided by the amendments to the Divorce Code is based upon the well-settled

presumption against the retroactive application of statutes affecting substantive rights.

> The presumption against retroactive application of statutes and amendments thereto is particularly strong when application of the statute would interfere with existing contractual obligations. "Where the application of a statute would make a substantive change in the rights and obligations of the parties, it is presumed that the legislature intended its provisions to have no application to contracts existing prior to the effective date of the law." *Rudolph Rosa, Inc. v. Latrobe Brewing Co.*, 347 Pa.Super. [551] at 562, 500 A.2d [1194] at 1200 [ (1985) ]. *See also Rupert v. Policemen's R. & P. Fund,* 387 Pa. 627, 632, 129 A.2d 487, 489 (1957); *Krenzelak v. Krenzelak,* 503 Pa. [373] at 379–380, 469 A.2d [987] at 990 [ (1983) ], *citing Commonwealth v. Greenawalt,* 347 Pa. 510, 512, 32 A.2d 757, 758 (1943).

> In contrast to statutes which affect substantive rights, such as existing contractual obligations, statutes which aptly can be characterized as remedial, curative or affecting procedural matters may operate retroactively. Thus, it is a basic precept of statutory construction that laws which create remedies, affect procedural avenues, or clarify existing rights, all may escape the presumption against retrospective application of legislation. *See, e.g., Smith v. Fenner,* 399 Pa. 633, 641, 161 A.2d 150, 154 (1960).

*Brangs v. Brangs, supra,* 407 Pa.Super. at 48, 595 A.2d at 118.

 Thus, the issue presented by this appeal, distilled to its essence, is whether permitting enforcement of the marriage settlement agreement, as requested in the petition of appellant, and including attachment of appellee's wages as a remedy, affects a substantive, as opposed to a procedural right. We conclude that although wage attachment would be a method of enforcement, that is to say a procedural remedy, the attachment of a person's wages involves certain substantive rights which preclude retroactive application. Our conclusion is supported by the fact that, in Pennsylvania, the attach-

ment of an obligor's wages is a remedy which is extremely circumscribed. Our Judicial Code [2] provides as follows:

### § 8127. Personal earnings exempt from process

The wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from *any attachment*, execution or other process except upon an action or proceeding:

(1) Under 23 Pa.C.S. Pt. IV (relating to divorce).

(2) For support.

(3) For board for four weeks or less.

(4) Under the act of August 7, 1963 (P.L. 549, No. 290), referred to as the Pennsylvania Higher Education Assistance Agency Act.

42 Pa.C.S. § 8127 (footnote omitted) (emphasis supplied).

We find further support for our conclusion in those cases which hold that the attachment of a party's wages may *not* be used to enforce a marriage settlement agreement which specifically rejects merger with the divorce decree. *See: Andursky v. Andursky*, 382 Pa.Super. 1, 3, 554 A.2d 571, 573 (1989); *Dechter v. Kaskey*, 379 Pa.Super. 45, 48, 549 A.2d 588, 590 (1986).

While it may appear inconsistent to suggest that the retroactive application of the Divorce Code amendments is permissible regarding methods of enforcement other than contempt [3] and wage attachment, we would simply reiterate the position previously stated by this Court in *Jackson v. Culp, supra:*

> We find no anomaly in applying the enforcement procedures provided by the 1988 Amendment to a pre–1988 MSA while refusing to apply other provisions of the Amendment which would involve a change in obligations of the parties.

*Jackson v. Culp, supra,* 400 Pa.Super. at 522, 583 A.2d at 1238.

2. 42 Pa.C.S. §§ 101 *et seq.*

3. We have not included contempt proceedings in our analysis since the agreement at issue specifically provided for the use of contempt proceedings to enforce the agreement.

Thus, we conclude that the esteemed Judge Joseph T. Labrum, Jr., properly found that the attachment of appellee's wages is a remedy which is not available in the present case. However, since other enforcement remedies are available to appellant, including contempt proceedings, we remand this case so that the trial court may take whatever action it deems appropriate, absent wage attachment, to enforce appellee's compliance with the agreement.

Order vacated in part. Case remanded. Jurisdiction relinquished.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting.

I respectfully dissent to amendment of the Order entered by the Honorable Joseph Labrum in this case. My review of the caselaw and statutes, including the 1988 amendments to the Divorce Code of 1980, leads me to conclude that this exceptionally well drawn agreement is both unambiguous and precise to limiting enforcement of the agreement to the terms therein.

Judge Labrum's Opinion clearly and succinctly states the law which governs agreements such as these and his findings should not be disturbed. With good reason the law, both statutory and caselaw, has come to favor such agreements and to honor these provisions. The amendments to the Divorce Code in 1988 contained in 23 Pa.C.S. § 3105, corrected and solidified the law as reinterpreted and modified by the legislature as a result of developments that occurred in cases decided since 1980. It was clear that the legislature intended a different approach as to the court's resolution of agreements entered into between 1980 and 1988. Nothing in the amendments of 1988 permits retroactive application.

In addition, the provision on enforcement, section 3105(a), concludes: ... [the court] may utilize a remedy ... to the same extent as though the agreement had been an order of the court *except as provided to the contrary in the agreement.* 23 Pa.C.S. § 3105(a) (emphasis added). Even if this agree-

ment had been entered subsequent to 1988, the provision of the agreement denying enforcement through the court by means of the provisions available in the Divorce Code would be binding and prevent such enforcement. Because the amendment to the Divorce Code in the enforcement provision may not be given retroactive effect, the application for relief suggested by appellant is unavailable in all respects.

The terms of the agreement are specific as to how the agreement may be enforced in the event of default, and the absence of other possible remedies may not be used to extend court jurisdiction for enforcement beyond those contained in the agreement. It is beyond doubt or question that the agreement established exclusive remedies to cure default which are binding on the parties, and this Court may not modify the agreement to give a greater benefit to one of the parties.

I would affirm on the basis of the trial court's Opinion.