J-S14003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARLA B. RUNCO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH GREGORY RUNCO | : | |
| | : | |
| Appellant | : | No. 1288 WDA 2021 |

Appeal from the Order Entered October 19, 2021
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD 17-007050-006

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: August 3, 2022**

Joseph Gregory Runco ("Husband") appeals from the order granting in part and denying in part Husband's exceptions to a divorce master's recommendations and report. The report had found Husband in contempt of the parties' marital settlement agreement ("MSA"). We affirm.

Husband and Carla B. Runco ("Wife") were married in June 1988. In January 2017, Wife filed for divorce. The parties ultimately entered into a marital settlement agreement (MSA) in May 2019, and the court entered a divorce decree shortly thereafter. Under the terms of the MSA, Husband was required to pay Wife $265,000 over time. Husband made a $10,000 initial payment, as per the agreement, after which he was required to make a payment of $800 on the first and 15th of every month. The MSA required

_____

[*] Retired Senior Judge assigned to the Superior Court.

Husband to make the payments by electronic transfer: "The payments due to Wife…shall be paid by electronic transfer directly into wife's chosen bank account in bi-monthly payments of $800 on the 1st and 15th of each and every month. The parties shall cooperate to set up the electronic transfer immediately to ensure timely payment." MSA at 10-11.

Although Wife gave Husband a deposit slip with her bank information shortly after signing the MSA, Husband never paid Wife via electronic transfer, instead opting for paper checks. Further, although Husband initially made all payments to Wife, he failed to make payments on April 15, 2020, May 1, 2020, May 15, 2020, and June 1, 2020, for a total delinquency of $3,200. Husband, a pediatric dentist, claimed that he was unable to make these payments due to his inability to work at the onset of the Covid-19 pandemic.

In October 2020, Wife filed a petition for enforcement of the MSA plus other special relief. On October 15, 2020, the trial court issued an order requiring Husband to pay Wife the $3,200 delinquency by October 17, 2020, and Husband did so. However, the court subsequently clarified, in a November 4, 2020 order, that Wife was entitled to a hearing regarding Husband's failure to comply with the MSA.

At a hearing before a divorce master in January 2021, Wife presented evidence that although she had a consent order barring Husband from contacting her, Husband had nonetheless sent her hundreds of emails and text messages, as well as numerous voice mails. Wife also detailed that in December 2019, the District Attorney had brought criminal charges against

Husband after Wife discovered that he had been following her. Husband pled guilty. Wife also presented evidence that Husband had been writing rude and demeaning comments in the subject line of the checks he gave her. The comments included remarks such as "selfishness mid-life crisis," "kindness payment," and "loyalty to our family." Tr. Ct. Op. Pa.R.A.P. 1925(a), 12/22/21, at 4. Husband also used return address stamps that bore Wife's name.

Wife further explained that she had given Husband the necessary information to establish electronic payment shortly after they executed the MSA. Husband countered that Wife had not been cooperative in setting up electric payment, which is why he resorted to paper check.

The master believed Wife and found that Husband had purposely failed to set up electronic payment in order to further communicate with and harass Wife. Thus, the master issued a report and recommendation that found Husband in contempt of the MSA and imposed various sanctions, including requiring Husband to pay Wife $6,621 in accrued legal fees due to his repeated harassment of Wife. The master required Husband to cease communicating with Wife absent emergency ("no contact provision").

Husband filed exceptions to the master's report and Wife filed cross exceptions. The trial court granted Husband's exceptions regarding the master's no contact provision, dismissed Wife's cross exceptions, and adopted the master's recommendations in all other respects. Husband filed the instant timely appeal. Both Husband and the court complied with Pa.R.A.P. 1925.

Husband raises two issues on appeal:

1. Whether the trial court erred by finding Husband in willful violation of the parties' [MSA] dated May 1, 2019, and by accordingly holding him in contempt of court[?]

2. Whether the trial court erred by imposing contempt purge conditions upon Husband that are groundless, baseless, excessive, punitive and manifestly unreasonable, with specific reference to those identified within items 1, 2, 3, 4, 6 and 8 of the Master's recommended order, all of which were subsequently adopted by the trial court[.]

Husband's Br. at 4.

In his first issue, Husband argues that the trial court erred by finding him in contempt of the MSA. He asserts that the court incorrectly interpreted the MSA as requiring electronic payment for purposes of eliminating contact between the parties because the unambiguous terms of the MSA state that electronic payments are necessary only to "ensure timely payment." Husband argues that the paper checks he used fulfilled the purpose of "timely payment" and the court erred by reading an additional purpose into an unambiguous contract. Further, Husband avers that the court abused its discretion by concluding that Husband willfully failed to fulfil the MSA's electronic payment requirement because his testimony established that his efforts had been stymied by Wife's failure to cooperate. Thus, according to Husband, his failure to comply with the MSA was *de minimis* and not sufficient to support the trial court's finding of contempt.

Our standard of review over questions of law is *de novo* and our scope of review is plenary. ***Kraisinger v. Kraisinger***, 928 A.2d 333, 339 (Pa.Super.

2007) However, "[w]hen interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function." **Id**.

"[A] settlement agreement between spouses is governed by the law of contracts unless the agreement provides otherwise." **Id.** (citation omitted). If the terms of a contract are clear and unambiguous, a court must construe them in accordance with "the plain, ordinary and accepted meaning of the words used." **Sorace v. Sorace**, 655 A.2d 125, 127 ( Pa.Super. 1995).

A marital settlement agreement is enforceable by remedies set forth in the Divorce Code, regardless of whether the agreement is merged or incorporated into a divorce decree. 23 Pa.C.S.A § 3105(a). Such remedies include holding the offending party in contempt, the award of counsel fees and costs to the complaining party, and requiring security to insure future payments in compliance with the court's order. 23 Pa.C.S.A § 3502.

Contempt is appropriate where the complaining party has shown that the (1) the contemnor had notice of the order, (2) the contemnor purposefully violated the order, and (3) the contemnor acted with wrongful intent. **Sorace**, 655 A.2d at 127 (citing **Stahl v. Redcay**, 897 A.2d 478, 489 (Pa.Super. 2006)). A marital settlement agreement is enforceable through contempt. **See** 23 Pa.C.S.A. § 3105(a); 23 Pa.C.S.A. § 3502(e)(9).

Here, the trial aptly concluded that Husband was in contempt of the MSA agreement for failure to execute electronic payments to Wife:

> Husband was properly found to be in contempt for failing to set up electronic transfer of funds from his bank to Wife's bank. His proffered explanations were not credible. Wife through counsel made repeated efforts to obtain compliance to no avail. Husband refused to cooperate with any of them. Whether the provision was included to ensure prompt payment, to avoid future contact or both, it is still binding on Husband. Husband failed . . . to set up electronic transfers in direct contravention of the clear provisions of the agreement.

Tr. Ct. Pa.R.A.P. 1925(a) Op., at 5.

We discern no abuse of discretion. The unambiguous terms of the MSA, of which Husband was duly aware, called for the electronic transfer of funds. *See Sorace*, 655 A.2d at 127; *Commonwealth v. Habjan*, 73 A.3d 630,637 (Pa.Super. 2013). Husband admitted he failed to pay Wife through electronic transfer and instead opted for paper checks. *See id*. The court found Husband's justification not credible and instead found that Husband willfully refused to make electronic payments to Wife. *See id*. The court heard the parties' competing explanations of the attempts to set up the electronic transfers and believed Wife. We discern no abuse of discretion in this regard. *See Kraisinger*, 928 A.2d at 339. Husband's first issue warrants no relief.

In his second issue, Husband argues that the master's recommendations, adopted by the trial court, impose sanctions that are "groundless, baseless, excessive, punitive, and manifestly unreasonable." Husband's Br. at 31. Husband takes particular issue with the trial court's determination that he must pay Wife over $6,000 in legal fees. He contends that Wife essentially got the benefit of a "bonus round" of litigation after he had already complied with the court's October 15 order by paying Wife the

entire $3,200 he owed her in back payments. Although he does not provide much specific argument, Husband identifies the following provisions that he asserts the trial court erroneously adopted:

1. No later than February 1, 2021, Husband shall register a Zelle account through his KeyBank checking account and arrange for recurring $400 payments to Wife's PNC Bank account on the 12th, 13th, 27th and 28th of each month.

2. Husband shall make his annual $2000 payment through Zelle on the 27th day of December each year.

3. Husband shall provide written proof to Wife's counsel that he has complied with Paragraph 1 above on or before February 3, 2021.

4. On or before February 1, 2021, Husband shall relinquish any and all address labels in Wife's name to Wife's counsel and execute an Affidavit, to be drafted by Husband's counsel, stating that he has relinquished all address labels in his possession, and he will not at any time in the future use address labels in Wife's name.

6. On or before February 15, 2021, Husband shall pay directly to Wife's counsel the sum of $6,621 in counsel fees due to his failure to comply with the terms of the MSA and due to his vexatious conduct in repeatedly harassing Wife.

8. In the event that Husband does not comply with the foregoing Paragraphs, Husband shall be sanctioned $350 per day for each and every day or fraction of a day that he fails to comply.

Tr. Ct. Rule 1925(a) Op., at 6.

As previously noted, courts may enforce marital settlement agreements through contempt. **See** 23 Pa.C.S.A. § 3105(a); 23 Pa.C.S.A. § 3502(e)(9). Moreover, the instant MSA contains a specific provision allowing for enforcement through contempt and the award of reasonable legal fees and costs. It states that the parties to the MSA "shall be permitted to enforce

compliance with the terms of this Agreement by instituting a contempt action and to request any remedy permissible under said action," and in the event of a violation, "the defaulting party shall pay as additional damages the reasonable legal fees and costs incurred by the non-defaulting party in any action or proceeding in law or equity." MSA at 17.

This Court has affirmed the award of attorney's fees in connection with the breach of marital settlement agreements. *See Habjan*, 73 A.3d at 643. "Our ability to review the grant of attorney's fees is limited, and we will reverse only upon a showing of plain error." *Sirio v. Sirio*, 951 A.2d 1188, 1198 (Pa. Super. 2008) (citations omitted). "Plain error is found where the decision is based on factual findings with no support in the [evidence] or legal factors other than those that are relevant to such an award." *Id*. at 1198-99. Section 2503(7) of the Judicial Code provides that a participant in a legal proceeding may be awarded counsel fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7).

In this case, we conclude that the record supports the trial court's award of attorney's fees and we do not find "plain error." *Sirio*, 951 A.2d at 1198. As discussed, the court properly found Husband in contempt of the MSA and found that Husband engaged in deliberate and vexatious conduct. Husband refused to comply with the electronic payment mandate set forth in the MSA, despite numerous requests to do so from Wife's counsel. Instead, he engaged

in harassing behavior toward Wife that even he admitted was "childish." N.T., 1/11/21, at 121; **see Habjan**, 73 A.3d at 643; 42 Pa.C.S.A. § 2503(7).

We likewise hold that the court did not err in adopting the other recommendations of the master. Husband presents limited argument and little legal citation to support his claim that his contempt sanctions were, *inter alia*, excessive and unreasonable. **See** Pa.R.A.P. 2119(a); **Norman for Estate of Shearlds v. Temple Univ. Health Sys.**, 208 A.3d 1115, 1119 (Pa.Super. 2019) (holding claims waived "because they are undeveloped and lack citation to pertinent legal authority").[1] In any event, we find Husband's contentions unavailing in light of the trial court's finding that Husband has conducted himself in an obdurate manner and "has demonstrated that he will not follow through with his obligations voluntarily." Tr. Ct. Rule 1925(a) Op. at 7. Thus, Husband's second issue also lacks merit. Accordingly, we affirm.

Order affirmed.

---

[1] To the extent Husband argues that the trial court erred by failing to consider his current financial means, we conclude the issue is waived due to Husband's failure to include the claim in his Rule 1925(b) statement. **See** Pa.R.A.P 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2022