617 A.2d 26

**Daniel R. delCASTILLO, Appellant,**

v.

**Juan J. delCASTILLO.**

Superior Court of Pennsylvania.

Argued July 15, 1992.

Filed Dec. 2, 1992.

Louise O. Knight, Lewisburg, for appellant.

William R. Swinehart, Sunbury, for appellee.

Before CIRILLO, TAMILIA and POPOVICH, JJ.

CIRILLO, Judge.

This is an appeal from a final decree entered in the Court of Common Pleas of Northumberland County. We affirm.

Daniel R. delCastillo (son) initiated an action in equity against Juan J. delCastillo (father), seeking specific performance of paragraph 4.05 of a separation, custody, support and property settlement entered into between father and his former wife, Joyce B. delCastillo, son's mother. Paragraph 4.05 reads as follows:

> The parties recognize an obligation on both of their parts to provide education for their children beyond the high school level. Accordingly, to provide each child with the benefit of such education, husband shall pay seventy-five (75%) percent and wife shall pay twenty-five (25%) percent of the cost of such education to each child on behalf of each child. The cost of such education shall include all charges for tuition, dormitory or room and board and lodgings, books and supplies, registration and other fees, dues, assessments and

charges as well as transportation expenses while the child is engaged in the educational process. Each party shall have the right to approve in advance the school or schools selected by the child, but such approval shall not be unreasonably withheld.

After trial, the court entered a decree nisi enforcing the settlement agreement. Father filed post-trial motions, resulting in a final decree dated September 13, 1991. Son and father then filed a joint motion for post-trial relief limited to the issue of the proper formula for calculating the son's living expenses, resulting in the trial court's amended final decree of October 2, 1991. Son filed this timely appeal. The issues before the court are:

1. Whether the property settlement agreement executed between the Plaintiff's parents (the Defendant and his former wife), which provided in pertinent part that the parents were to "provide education for the [Plaintiff] ... beyond the high school level" and to pay the costs of such education, obligated the Defendant to pay a specified share of the cost of the Plaintiff's graduate school expenses, in addition to his college education expenses?

2. Whether the Plaintiff's college education living expenses should have been calculated on the basis of the actual living expenses instead of on the basis of the average room and board charges at four Baltimore area colleges?

3. Whether the Plaintiff should have been awarded the counsel fees and costs for pursuing his action for specific performance?

Before reaching the merits of this appeal, we first note the procedural irregularities of this case. Generally, after a final decree is entered, this court will only accept direct appeals on issues not raised below if they are addressed for the first time in the trial court's final decree. *See* Pa.R.A.P. 302 and 105(a); *cf.* Pa.R.C.P. 1920.55; *Benson v. Benson,* 357 Pa.Super. 166, 515 A.2d 917 (1986). Otherwise, there would never be an opportunity to address these issues on appeal.

Here, the court entered a decree nisi, father filed post-trial motions, and the court then issued a final decree. In this final

decree the trial court explicitly excluded graduate studies as education covered by paragraph 4.05 of the separation agreement.[1] After the trial court issued this final decree, the parties filed a joint post-trial motion regarding the determination of living expenses; the parties, however, did not raise the father's responsibility to pay for graduate school expenses. The court addressed the joint post-trial motions and amended its decree. Although it is procedurally uncommon for the court to address post-trial motions after it has entered a final decree, we shall treat the joint post-trial motion as one to modify the final order, *see* 42 Pa.C.S. § 5505, and reach the merits of the issues based on the trial court's decision in both "final" orders.

Once again this court is called upon to determine whether a child is entitled to educational support payments for post-high school studies. Son first claims that the property settlement agreement between his parents not only obligates them to pay their respective shares for his college education but also for postgraduate education as well. Paragraph 4.05 of the settlement agreement requires the parents to "provide education beyond the high school level." Since the provision does not specifically mandate the extension of "beyond the high school level" to postgraduate studies, we must resolve whether this ambiguous phrase entitles son to contributions for his graduate studies.[2]

 "It is well established that in Pennsylvania, a settlement agreement between a husband and wife is governed by the law of contracts unless the agreement itself provide otherwise." *Brower v. Brower*, 413 Pa.Super. 48, 56, 604 A.2d 726, 730 (1992). When interpreting a property settlement agree-

1. Among other holdings in its order, the trial court determined that:
 5. The Defendant, JUAN J. delCASTILLO, is not obligated to pay college education costs for his son, DANIEL R. delCASTILLO, beyond those incurred in pursuit of his Bachelor's Degree.

2. The trial court found that the contract term requiring payment for higher education was clear and unambiguous. However, by clarifying that such payments would accrue solely for expenses incurred toward a bachelor's degree, the trial court implicitly found the term "beyond the high school level" to be unclear and ambiguous.

ment, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. *Nitkiewicz v. Nitkiewicz*, 369 Pa.Super. 504, 507, 535 A.2d 664, 665 (1988), *allocatur denied*, 520 Pa. 589, 551 A.2d 216 (1988). Further, we have held that a grant of relief under a petition for special relief based upon the interpretation of a marital settlement agreement "is within the sound discretion of the trial court and is an exercise of the court's equitable powers, and will not be disturbed on appeal unless the trial court's decision is an abuse of discretion." *Jawork v. Jawork*, 378 Pa.Super. 89, 96, 548 A.2d 290, 293 (1988).

After hearing the testimony at trial, the trial court determined that the term "beyond high school level" denoted education through the bachelor's degree level. This court has previously declined to require an extension of the parental obligation to support children in their educational pursuits to postgraduate and professional school. *Griffin v. Griffin*, 384 Pa.Super. 188, 195, 558 A.2d 75, 79 (1989); *Brown v. Brown*, 327 Pa.Super. 51, 474 A.2d 1168 (1984). In *Brown*, child support was denied to a twenty-two year old law student because the court decided that "college" referred only to undergraduate study leading to a bachelor's degree. *Id.* at 55, 474 A.2d at 1170. The *Brown* court stated that "[c]ase law sets the limits of parental obligation [for educational support] at college or majority[.]" *Id.* at 56, 474 A.2d at 1170. Obviously, a contract specifically mandating a parent's obligation to pay for graduate school studies will be enforced. But where, as here, a contract is ambiguous as to the parents' intentions, we conclude that a twenty-seven year old married man with a child cannot expect the courts to enforce such a claim.

Were the court to extend the parents' agreement in this case to graduate studies, the obligation to support son could conceivably continue *ad infinitum*. A trial court, sitting in equity, cannot allow this absurd and unreasonable result. *See Topley v. Buck Ridge Farm Construction Co.*, 30 Pa.Commw. 360, 374 A.2d 976 (1977) ("It is not the province of equity to compel the performance of unreasonable things."). We, there-

fore, find no abuse of discretion by the trial court, and limit the father's "beyond high school" educational responsibilities to the son's pursuit of a bachelor's degree.

Next, son contends that the formula for determining the cost of room and board charges set forth by the trial court was inappropriate based on the wording of paragraph 4.05 of the marital settlement agreement. The trial court devised a formula for calculating the son's living expenses based on the average of room and board fees at four Baltimore area colleges. Neither Towson State University nor the University of Baltimore, the schools which the son attended, had dormitory housing for their students, and neither offered a fixed cost for a student's living expenses. The court created this formula to avoid future complications involving discrepancies in the son's expenses and to create a reasonable limit as to the father's obligation. Thus, the formula created was neither unreasonable nor an abuse of discretion by the trial court. *Nitkiewicz, supra.*

Finally, son argues that he should have been awarded counsel fees and costs because father's conduct in resisting his contractual obligation, which forced son to bear the burden of a lawsuit, was dilatory, obdurate or vexatious within the meaning of 42 Pa.C.S.A. § 2503(6), (7) and (9). This court may award counsel fees if a party's conduct during the pendency of the matter was "dilatory, obdurate, or vexatious." *Brenckle v. Arblaster*, 320 Pa.Super. 87, 466 A.2d 1075 (1983). However, "it is well settled this court will not reverse the trial court on its decision to award counsel fees absent an abuse of discretion." *O'Connell v. O'Connell*, 409 Pa.Super. 25, 37, 597 A.2d 643, 647 (1991).

Here, the trial court determined that the father's defenses were valid. We agree. The father made three claims: that son did not fulfill a condition precedent relating to the father's required approval of the son's choice of schools; that the agreement had to be construed under the laws of Pennsylvania; and that estrangement relieved him of his obligation under the divorce settlement agreement. We find that these

were not frivolous defenses. Father's assertion of them, therefore, did not amount to vexatious, obdurate or dilatory behavior. The action was not instituted with insufficient grounds and it was not intended to merely cause annoyance. *Santoro v. City of Philadelphia*, 59 Pa.Commw. 114, 122, 429 A.2d 113, 117 (1981). The trial court did not abuse its discretion in refusing to award son counsel fees and costs. *O'Connell, supra.*

We, therefore, affirm the trial court's decree which explicitly excluded graduate school costs from paragraph 4.05 of the property settlement agreement.

Decree affirmed.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting.

I must respectfully dissent from the majority's conclusion that the lower court correctly interpreted the settlement agreement to require Dr. Juan J. delCastillo to pay for his son's Bachelor's Degree only. Based on Dr. delCastillo's testimony, I am absolutely convinced that he is obligated to fund his son's undergraduate *and* graduate studies.

When interpreting a settlement agreement, the trial court is the sole fact-finder and, absent an abuse of discretion, we will not usurp that function. *Nitkiewicz v. Nitkiewicz*, 369 Pa.Super. 504, 507, 535 A.2d 664, 665 (1988), appeal denied, 520 Pa. 589, 551 A.2d 216 (1988). Instantly, I am convinced that an abuse of discretion has occurred since the majority and the lower court have *completely ignored* the evidence of record in reaching their decisions.

The settlement agreement between Dr. delCastillo and his former wife specifically provides that the doctor shall pay 75% of the costs of his children's education "beyond the high school level." Settlement Agreement, ¶ 4.05. Arguably, an ambiguity does exist as to whether the parties intended to provide for not only college expenses, but also those of graduate studies. Certainly, in this Commonwealth, there is no requirement that parents provide financially from their children's graduate or

professional school education. *See Griffin v. Griffin,* 384 Pa.Super. 188, 195, 558 A.2d 75, 79 (1989); *Brown v.Brown,* 327 Pa.Super. 51, 474 A.2d 1168 (1984). However, that does not prohibit parents from agreeing to provide for their children's graduate or professional education.

Instantly, a review of the record clearly indicates that at the time he signed the settlement agreement, Dr. delCastillo intended to provide financial support for his children's education at college and graduate or professional school. Dr. delCastillo is a medical physician who in 1990 earned a gross income of more than $140,000. Dr. delCastillo repeatedly testified that he always intended and advised his son to be a doctor, lawyer, accountant or any other professional. N.T., pp.77–78, 84–85. In fact, Dr. delCastillo specifically testified that at the time he entered into the settlement agreement, he intended it to provide for graduate education following college. N.T., 80. The record is clear that Dr. delCastillo's desire to avoid his obligation is not based on the fact that he never agreed to fund his son's graduate education, but rather is motivated by his plans to retire in two years. Dr. delCastillo is simply concerned about the adverse effect which the added financial obligation might have upon his retirement plans. N.T., p. 89.

The facts of this case clearly establish that at the time Dr. delCastillo entered in the agreement, he intended to fund his son's bachelor's *and* graduate or professional studies. I do not believe that Dr. delCastillo should be permitted to avoid his financial obligation simply because it is now inconvenient for him. In sum, I would find that the lower court erred when it determined that education "beyond high school" included college only.