J-A07035-17

2017 PA Super 259

| BETH ANNE F. WEBER | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARK D. WEBER | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WEBER | : | |
| | : | No. 1312 WDA 2016 |
| Appellant | : | |

Appeal from the Order Entered August 8, 2016
in the Court of Common Pleas of Crawford County
Civil Division at No(s): 1999-1298

BEFORE: OLSON, STABILE, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:                    **FILED AUGUST 11, 2017**

Michael Weber (Son) appeals from the trial court's August 8, 2016 order, dismissing his petition for special relief. Upon review, we vacate the trial court's order and remand for proceedings consistent with this opinion.

Beth Anne F. Weber (Wife) and Mark D. Weber (Husband), were once married, and are the parents of two children, Son, born June 1988 and a daughter, Amanda D. Weber, born November 1994 (collectively, Children). Prior to the parties' divorce, Husband and Wife entered into a comprehensive marital settlement agreement. **See** Memorandum of Agreement as to Divorce, 11/10/1999. Pertinent to this appeal, the agreement contained, *inter alia*, the following provision:

> 18. **POST SECONDARY EDUCATION:** Parents shall share equally the reasonable costs of an appropriate undergraduate

* Retired Senior Judge assigned to the Superior Court

college or other post-secondary education for [Children]. Husband shall notify Wife in writing 30 days in advance before entering into any transaction in regard to investments given to the [Children] by their paternal grandfather including Chevron Stock and the account with National City. All income including but not limited to interest, dividends[,] and splits shall be reinvested in [Children's] names. Should any action taken by Husband without Wife's written consent in regard to these investments result in a diminution of their value, Husband shall be solely obligated to pay such amounts toward the post-secondary educations of [Children] before the calculation of the parties' equal share of expenses.

*Id.* at 4. A divorce decree was entered on March 23, 2000.

On November 19, 2007, Wife filed a petition for special relief seeking, *inter alia*, enforcement of the above-mentioned paragraph. While this petition was pending before the trial court, Son filed a petition seeking to "intervene in the above captioned matter." [1,2] Petition to Intervene, 4/30/2008, at 1 (unnumbered). That same day, the trial court issued an order which granted Son's petition and permitted him "to intervene and join in this **action as a plaintiff**." *See* Order of Court, 4/30/2008 (emphasis added).

_____

[1] In support of his request, Son averred he was "an intended third party beneficiary of his parents['] contract to share the reasonable costs of an appropriate undergraduate college education and is the real party in interest to this litigation." Petition to Intervene, 4/30/2008, at 2 (unnumbered). Son sought to contest Father's position that his share of the reasonable costs was "conditioned upon or limited by an inferred duty on the part of [Son] to expand certain assets given to [Son.]" *Id.*

[2] At the time, Son was enrolled as an undergraduate student at Florida State University. Since then, Son has graduated Florida State and attended pharmacy school. Son seeks Husband's share of the expenses he incurred during undergraduate and graduate school.

Following Son's intervention in the matter, a motion for voluntary non-suit was filed by Wife, in which all parties "agreed to the withdrawal at this time of the [p]etition before the [trial c]ourt[.]" Motion for Voluntary Non-Suit, 7/9/2008. The motion was granted by the trial court that same day.

No other filings occurred until April 1, 2016, when Son filed a petition for special relief, seeking to enforce paragraph 18 of the marital settlement agreement. Husband filed an answer and new matter, denying responsibility for Son's post-secondary education expenses and raising affirmative defenses. Husband's Answer and New Matter, 5/26/2016. Argument was held on July 21, 2016, and on August 8, 2016, the trial court filed a memorandum and order dismissing Son's petition, finding Son lacked standing to proceed in the matter.

Son filed a motion for reconsideration, which was denied, and this timely-filed appeal followed.[3] On appeal, Son raises the following issues for our consideration, which we have reordered for ease of disposition.

> I. Whether the trial court erred by raising the issue of [Son's] standing *sua sponte*, without affording the parties an opportunity to present written or oral argument on the issue?
>
> II. Whether the trial court erred in concluding that [Son,] who was permitted to intervene by Order of [the trial court] dated April 30, 2008, lacked standing under the Divorce Code to pursue his petition for special relief to enforce [the] marital settlement agreement?

Son's Brief at 4 (suggested answers and unnecessary capitalization omitted).

_____

[3] Both Son and the trial court complied with Pa.R.A.P. 1925.

We review Son's issues mindful of the following.

We exercise an abuse of discretion standard of review in an appeal from the denial of a petition for special relief under the Domestic Relations Code. An abuse of discretion has been explained by the appellate courts of this Commonwealth as more than an error in judgment; we may find an abuse of discretion only on clear and convincing evidence that the trial court misapplied the law or overrode it or that the judgment reached was manifestly unreasonable, or based on bias, ill-will, or partiality.

*Johnson v. Johnson*, 908 A.2d 290, 295 (Pa. Super. 2006) (citations omitted).

Son argues the trial court erred in raising the issue of standing *sua sponte*. Son's Brief at 21-23. In the alternative, Son disputes the trial court's finding, claiming he does have standing per the court's 2008 order, averring that when he was "granted permission to intervene, he was afforded the same rights as his parents in enforcing the [marital settlement agreement.]" *Id.* at 15. Further, Son contends that irrespective of the subsequent non-suit following his intervention, he is an intended third-party beneficiary and thus he should be permitted to enforce the agreement. *Id.* at 16-17 (citing *Bender v. Bender*, 715 A.2d 1199 (Pa. Super. 1998)).

In its memorandum and order, the trial court set forth the following in support of dismissing Son's petition.

The non-suit, cited in Husband's new matter, raises the issue of standing. Without Wife's participation (Wife's petition having been withdrawn), Son cannot avail himself of the Divorce Code's provisions for special relief, a[t] least insofar as he seeks to enforce his parents' postnuptial agreement. *See* 23 Pa.C.S. [] § 3105 (limiting enforcement actions to the parties to such

- 4 -

agreements); *cf. Chen v. Chen*, [893 A.2d 87 (Pa. 2006)] (daughter could not intervene to enforce a support provision in her parents' property settlement agreement). [Son] must, instead, assuming that he qualifies as an intended third party beneficiary of the agreement, file a complaint of breach of contract.

Memorandum and Order, 8/8/2016, at 2 (unnecessary capitalization and some citations omitted).

Although somewhat vague, we glean the following from the trial court's memorandum: it dismissed Son's petition because (1) Son could not prevail without Wife's participation; (2) Son's petition was essentially a renewed request to intervene; and (3) Son's request to intervene was denied because, under statute and current case law, he is unable to enforce his parents' postnuptial agreement. *Id.*

We disagree with the trial court's conclusions. First, despite the trial court's protestations to the contrary, a review of the record reveals that the issue of Son's standing was never raised by either party during the litigation of the instant petition. The trial court cites Husband's answer and new matter to Son's special relief petition, which included a reference to the previous non-suit, as evidence that this issue was raised. However, our review shows that Husband's new matter merely "attached" and "incorporated" several filings from the 2007 dispute, including the petition, Husband's answer, the motion for voluntary non-suit, and the subsequent

order granting non-suit, none of which discusses or argues Son's standing.[4] Notably, Husband's new matter refers to Son as "intervenor," without any indication that he disputed this designation. Furthermore, a review of the transcript from the October 7, 2016, likewise contains no challenge to Son's standing by either party.

Thus, we conclude that the issue of Son's standing was raised *sua sponte* by the trial court, in direct contravention with our well-settled case law. ***See In re Nomination Petition of deYoung***, 903 A.2d 1164, 1168 (Pa. 2006) (concluding that because a question of whether a party has standing "to maintain an action" does not implicate jurisdiction, our Supreme Court has "consistently held that a court is prohibited from raising the issue of standing *sua sponte*").

Second, even if the trial court did not err in raising the issue of standing *sua sponte*, the trial court abused its discretion when it dismissed Son's petition for lack of standing, where a prior order permitted him to intervene on the same issue. Son's 2008 petition to intervene sought intervention "in the above-captioned matter." Petition to Intervene, 4/30/2008, at 1 (unnumbered). The court's subsequent order permitted Son "to intervene and join **in this action as a plaintiff**." Order of Court, 4/30/2008 (emphasis added). Neither Son's request nor the court order

_____

[4] The motion for voluntary non-suit does note that Son is an intervenor in this matter, but none of the filings disputes Son's status in the matter.

- 6 -

granting it limited Son's intervention to the pending special relief petition filed by Wife. It is well-settled that "[a]fter the entry of an order allowing intervention, the intervener shall have all the rights and liabilities of a party to the action." Pa.R.C.P. 2330(a).

Irrespective of the foregoing, we agree with Son that he is a third-party beneficiary to the martial settlement agreement and his intervention into the action to enforce it is proper. As set forth in **Guy v. Liederbach**, 459 A.2d 744 (Pa. 1983), and cited in **Chen**, a determination of whether an individual is a third-party beneficiary involves a two-prong test.

> (1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. … [T]he application of the second part of the test was restricted by the first part, which implicate[s] standing.

**Chen,** at 90-91 (quotations and citations omitted). In this case, paragraph 18 provides that "[p]arents shall share equally the reasonable costs of an appropriate undergraduate college or other post-secondary education for [Children]." Memorandum of Agreement as to Divorce, 11/10/1999 at 4. It is clear that the intent of this paragraph was to assist Children by sharing the costs of Children's education. Son is therefore a third-party beneficiary.

As such, Son, who now enjoys all rights as a party to an action as an intervenor and third-party beneficiary, may seek to enforce his parents' agreement because "[u]nder Pennsylvania law, a third[-]party beneficiary's

rights and limitations in a contract are the same as those of the original contracting parties." **Miller v. Allstate Ins. Co.,** 763 A.2d 401, 405, n. 1 (Pa. Super. 2000); **See Also** 23 Pa.S.C.S. § 3105(a) ("A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.").

Third, even assuming *arguendo* that Son's intervenor status was extinguished following the voluntary non-suit, we fail to see how Son, who was permitted to intervene in the prior action upon averments that he was a third-party beneficiary to the marital settlement agreement, now lacks standing to enforce the same.[5]

Lastly, we find the case the trial court cited to in support of its decision, **Chen**, *supra*, to be distinguishable from this case. In **Chen**, the parties' daughter sought and was permitted to intervene on her mother's request to enforce the martial settlement agreement. Specifically, mother

---

[5] The trial court provided no reason why Son's intervention in 2008 is now improper at this juncture. The best we can determine is that the court is hesitant to allow Son's litigation without Wife's participation. **See** Memorandum and Order, 8/8/2016, at 2 ("Without Wife's participation … Son cannot avail himself to the Divorce Code's provisions for special relief[.]"). However, for the reasons cited *supra*, as an intervenor and third-party beneficiary, Son may seek enforcement of the contract without Wife's participation.

sought to enforce a provision concerning child support that father was obligated to pay mother on a weekly basis for their daughter. In determining that daughter was not an intended third-party beneficiary, our Supreme Court in **Chen** recognized that "many courts are reluctant, absent unusual circumstances such as the death of a parent, to allow children to enforce their parents' agreements where the custodial parent was a signatory to the agreement **and the designated recipient of the payments**." **Chen**, 893 A.2d at 95 (emphasis added). Agreeing with this sentiment, our Supreme Court

> refuse[d] to enable a child to enforce her parents' settlement agreement where, as here, the agreement provides for support payments to the custodial parent. To construe the Agreement as providing [d]aughter a direct interest in the individual payments as opposed to support generally could open a Pandora's Box. Such a ruling could allow every child of divorced parents whose property agreement contained a provision for child support to bring suit against one or both parents, challenging the parents' compliance with the terms of the agreement.

*Id.* at 95–96.[6]

In holding that children were unable to enforce provisions of an agreement that provided for support payments to a custodial parent, the

---

[6] In support of its decision, our Supreme Court cited "**Drake v. Drake***, 89 A.D.2d 207, 455 N.Y.S.2d 420, 424 (N.Y. App.Div. 1982) (holding that child did not have standing as third party beneficiary to enforce separation agreement relating to periodic support payments, **but noting the children may enforce specific provisions made exclusively for their benefit such as promises to pay college tuition** or in unusual situations such as the death or disability of the custodial parent)." *Id.* at 95 (emphasis added).

***Chen*** Court recognized that there were cases from our sister states that permitted a child's intervention. The Court found these cases, cited by daughter, distinguishable, as they provided a direct benefit to the child, as opposed to payments from one parent to another for the support of a child.[7]

---

[7] Within its opinion, the ***Chen*** Court provided a brief synopsis of these cases.

> ***Schwab v. Schwab***, No. FA81 0008990S, 1993 WL 592187, * 5 (Conn. Super. Ct. Dec. 29, 1993) (noting in an unpublished trial court decision that children may enforce separation agreements as further support for the court's holding that mother placed herself in a fiduciary relationship with children through creation of trust in a settlement agreement); ***Farnsworth v. Farnsworth***, 657 So.2d 1273 (Fla. Dist. Ct .App. 1995) (affirming in one paragraph decision the trial court's holding that obligation to pay college expenses for child was contractual rather than child support obligation that could be enforced by child rather than mother); ***Noble v. Fisher***, 126 Idaho 885, 894 P.2d 118, 123 (1995) (noting in *dictum* that children could bring action to enforce parent's contractual obligation to pay college tuition and book expenses); ***Miller v. Miller***, 163 Ill.App.3d 602, 114 Ill.Dec. 682, 516 N.E.2d 837, 844–47 (1987) (holding that, as a direct third party beneficiary of parents' agreement, child had standing to seek a court order to enforce compliance with agreement to pay college expenses); ***Kiltz v. Kiltz***, 708 N.E.2d 600, 602 (Ind. Ct. App. 1999) (allowing children to enforce against father's estate father's agreement to maintain life insurance policies for their direct benefit); ***Rogers v. Roger***s, 662 S.2d 1111, 1114 n. 1 (1995) (noting that both mother, as contracting party, and daughter, as direct beneficiary, could enforce father's agreement to pay support directly to child while child was in college); ***Morelli v. Morelli***, 102 Nev. 326, 720 P.2d 704, 705–06 (1986) (recognizing general reluctance to allow children to enforce child support provisions but granting child standing due to special circumstance of death of custodial parent); ***Curato v. Brain***, 715 A.2d 631, 635 (R.I. 1998) (acknowledging that children had right to enforce provision in settlement agreement providing for children to receive interest in real property directly but determining interests were

*(Footnote Continued Next Page)*

It is clear that our Supreme Court's holding, expressly disallowing children from seeking to enforce their parents' settlement agreement where "the agreement provides for support payments to the custodial parents[,]" did not foreclose a child's ability to enforce a provision that provided a direct benefit to the child, such as an agreement to pay college tuition. *Id.* at 95.

For the foregoing reasons, we vacate the trial court's order and remand for the trial court to move forward on Son's petition.

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2017

---

*(Footnote Continued)*

extinguished before they vested). The other cases cited also are not persuasive or directly relevant. *See In re Marriage of Bonifas,* 879 P.2d 478, 480 (Colo. Ct. App. 1994) (involving agreement between biological parents and parties who agreed to raise and financially support child despite lack of official adoption proceedings); *Glenn v. Glenn,* 53 N.C.App. 515, 281 S.E.2d 83 (1981) (holding in one paragraph decision that children are proper parties in an action for an accounting for support payments).

*Chen*, 893 A.2d at 93 n.12.