J-A26018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| IN RE: L.G., AN INCAPACITATED PERSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.C. | : | No. 331 EDA 2022 |

Appeal from the Order Entered December 21, 2021
In the Court of Common Pleas of Chester County
Orphans' Court at No(s): 1516-0051

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY KING, J.:                                **FILED JULY 14, 2023**

Appellant, A.C., appeals from the order entered in the Chester County Court of Common Pleas, which dismissed Appellant's petition for citation, requesting a hearing and order to account for and invalidate the transfer of assets from her mother, L.G., to her sister, D.G.[1]  We affirm.

In its opinion, the Orphans' Court fully and correctly set forth the relevant facts and procedural history of this case.  (*See* Orphans' Court Opinion, filed 3/29/22, at 1-10).  Therefore, we do not restate them here.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] D.G. has filed an application for relief in this Court, indicating that L.G. died on April 14, 2023.  On May 8, 2023, D.G. was granted letters testamentary by the Register of Wills of Chester County.  Thus, D.G. requests that this Court substitute D.G., as personal representative, for L.G. in this appeal.  We grant the requested relief.

Appellant raises the following issues for our review:

1) Did the Superior Court err in suggesting in two Rules to Show Cause this appeal should be quashed because it was not from a final Order and further should be quashed since there were no post-trial Motions, when in fact post-trial Motions were filed and ignored by the trial judge and Orphans' Court Rules do not require or allow post-trial Motions? Further, was the Order a final Order since the trial court dismissed the case with prejudice?

2) Did the [Orphans' Court] err in dismissing this case with prejudice and err in not vacating the numerous intervivos transfers? Did [the Orphans' Court] err in not voiding these substantial intervivos gifts from the elder mother, [L.G.], to one of her daughters since there was a confidential relationship between the mother and daughter and the mother had a weakened intellect at the time of the transfers, the gifts were contrary to any rational estate plan and the gifts depleted all the assets of [L.G.]? Did [the court] err in not finding a rebuttable presumption that the gifts were not free of taint once the confidential relationship was shown? Did [the court] err in disregarding undisputed evidence showing [D.G.] and the lawyer, [Marc] Davidson, were not credible and did [the court] further err in finding [Appellant] not to be credible? Finally, did [the court] err in holding [Appellant] lacked standing to challenge the transfers and was the issue of standing waived since it was not raised in the pleadings as a defense?

3) Did [the Orphans' Court] err in dismissing the case on the basis of the equitable doctrine of Laches since the Appellees did not have clean hands and there was no undue delay?

4) Did [the Orphans' Court] err in not properly crediting the medical records that showed [L.G.], in 2012, right before the time of the transfers, was suffering from memory loss and being treated with the drug Aricept, a dementia related treatment drug?

(Appellant's Brief at 6-8) (reordered for purpose of disposition).

In her first issue on appeal, Appellant claims that this Court improperly

- 2 -

suggested in two rules to show cause that this appeal should be quashed or dismissed. Appellant argues that the first rule to show cause questioned whether the appeal at issue was from a final order. Appellant insists that the court's December 21, 2021 order appealed from was a final order because it dismissed all of Appellant's claims in this matter. Appellant asserts that the second rule to show cause questioned Appellant's alleged failure to file post-trial motions. Nevertheless, Appellant maintains that Rule 8.1 of the Orphans' Court Rules does not permit the filing of post-trial motions. In any event, Appellant contends that she filed post-trial motions, which the court did not rule on, and filed a timely notice of appeal within 30 days of the order denying relief. Appellant concludes that this appeal is properly before us, and there are no jurisdictional impediments to our review. We agree.

"The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *In re Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa.Super. 2009). As a result, "this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." *Id.* Generally, "[a]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." *In re Estate of Cella*, 12 A.3d 374, 377 (Pa.Super. 2010) (some internal citations omitted).

Pennsylvania Rule of Appellate Procedure 341 states:

**Rule 341. Final Orders; Generally**

**(a) General rule.** Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

(**b) Definition of final order.** A final order:

(1) disposes of all claims and of all parties;

(2) (Rescinded);

(3) is entered as a final order pursuant to paragraph (c) of this rule; or

(4) is an order pursuant to paragraph (f) of this rule [related to Post Conviction Relief Act orders].

**(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court…may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. …

Pa.R.A.P. 341(a)-(c).

Specific to the appealability of Orphans' Court orders, Pennsylvania Rule of Appellate Procedure 342 provides, in pertinent part:

**Rule 342.  Appealable Orphans' Court Orders**

(**a) General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2) An order determining the validity of a will or trust;

(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4) An order interpreting, modifying, reforming or terminating a trust;

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property;

(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court[.]

(8) An Order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

Additionally, Orphans' Court Rule 8.1 states that "except as provided in Rule 8.2, no exceptions or post-trial motions may be filed to any order or decree of the court." Pa.R.O.C.P. 8.1. The explanatory comment to Rule 8.1 states "[t]he former exception practice is discontinued, and this Rule clarifies that post-trial motion practice applicable in the Civil Division of the Court of Common Pleas is not applicable in the Orphans' Court Division." ***Id.*** (comment). Additionally, Rule 8.2 provides that "a party may request the court to reconsider any order that is final under Pa.R.A.P. 341(b) or 342..." Pa.R.O.C.P. 8.2. The comment to Rule 8.2 explains that "[t]he period for filing

an appeal is not tolled by the filing of a motion for reconsideration unless the court grants the motion for reconsideration prior to the expiration of the appeal period." *Id.* (comment).

Instantly, Appellant's motion for citation requested an accounting of L.G.'s assets, the voidance of *intervivos* real estate transfers from L.G. to D.G., and the invalidation of L.G.'s will. Prior to the hearing on her motion, Appellant withdrew the challenge to L.G.'s will, conceding that any such challenge was premature while L.G. was still alive. The Orphans' Court's December 21, 2021 order denied Appellant's motion with prejudice, denying Appellant's request for an accounting, ruling that Appellant's challenge to L.G.'s *intervivos* property transfers were prohibited by the affirmative defense of laches and finding that Appellant failed to establish that L.G.'s property transfers to D.G. were a result of weakened intellect or undue influence. Because the court's order determined an interest in real property favorable to D.G., Appellant is permitted to an appeal as of right under Rule 342(a)(6). *See* Pa.R.A.P. 342(a)(6). Additionally, the order was final as it resolved all outstanding claims by denying relief with prejudice. *See* Pa.R.A.P. 341(b)(1).

Further, Appellant was neither required nor permitted to file a post-trial motion to preserve her appellate claims. *See* Pa.R.O.C.P. 8.1. Nevertheless, the record demonstrates that Appellant filed a "motion requesting new trial and arrest of judgment" on January 10, 2022, raising the same issues presented on appeal, which the court did not rule on. As the court did not

expressly grant reconsideration on the motion, Appellant timely filed a notice of appeal on January 20, 2022, within 30 days of the court's December 21, 2021 order denying relief. *See* Pa.R.O.C.P. 8.2 (comment). Therefore, the appeal is properly before us, and we proceed with our merits review of Appellant's remaining issues.

In reviewing a decision of the Orphans' Court, our applicable standard of review is as follows:

> When an appellant challenges a decree entered by the Orphans' Court, our standard of review requires that we be deferential to the findings of the Orphans' Court. We must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Staico*, 143 A.3d 983, 987 (Pa.Super. 2016), *appeal denied*, 641 Pa. 190, 166 A.3d 1221 (2016).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John L. Hall, we conclude Appellant's remaining claims merit no relief. The Orphans' court opinion comprehensively discusses and properly disposes of the issues raised. (*See* Orphans' Court Opinion at 13-29).

Regarding Appellant's second issue raised on appeal, the court found

that Appellant failed to present credible evidence to demonstrate that L.G. and D.G. had a confidential relationship at the time of L.G.'s transfers to D.G. The court rejected Appellant's testimony that L.G.'s memory was greatly impaired after her 1995 surgery and that D.G. exercised overmastering influence over L.G. at the time of the transfers because Appellant failed to present any evidence to support these claims, particularly in light of credible evidence to the contrary. From 1995 to the time of the transfers, L.G. lived alone, traveled back and forth to her Florida residence alone, and continued to operate a car. The court further credited the testimony of Marc Davidson, L.G.'s estate planning attorney who prepared her will and the deeds in question. Mr. Davidson stated that L.G. was an independent, forceful woman who expressed a clear intent to disinherit Appellant and immediately transfer her properties to D.G. to ensure that Appellant would not be able to acquire her assets by challenging her will. The court further concluded that the mere existence of a durable power of attorney ("POA") naming D.G. as the agent was insufficient evidence to demonstrate a confidential relationship because D.G. did not even know about the POA until years later and never utilized the durable POA for any purpose.[2]

---

[2] The court also found that Appellant lacked standing to bring the instant petition because she is not L.G.'s guardian. (**See** Orphans' Court Opinion at 11-12). However, a review of the record reveals that D.G. and her husband did not challenge Appellant's standing in any of their pleadings. As a court is prohibited from raising the issue of standing *sua sponte*, we do not adopt this
*(Footnote Continued Next Page)*

With respect to Appellant's third issue, the court found that the defense of laches prohibited relief in this case because Appellant's unjustifiable delay in bringing her claim prejudiced D.G. and her husband. The court noted that Appellant learned of L.G.'s transfers to D.G. in 2014, filed two prior actions requesting similar relief in 2015 and 2016, both of which she later voluntarily withdrew, and failed to take any further action until filing the instant petition in 2020. The court found that the delay was unjustified because Appellant failed to present any documentation to demonstrate that she was financially unable to continue the prior suits. Additionally, D.G. and her husband were prejudiced by Appellant's delay because they expended significant funds to maintain and improve the properties that L.G. had transferred to D.G., and they moved their residence into one of the properties on the assumption that Appellant abandoned her claim with the voluntary withdrawal of the 2016 case. The court further found no merit to Appellant's claim that D.G. and her husband had "unclean hands" by participating in transfers that depleted L.G.'s assets and left her without funds to support her care because the evidence demonstrates that L.G.'s guardian is in possession of a bank account with approximately $984,000.00 that is exclusively held for L.G.'s care.

Regarding Appellant's final issue, the court found that the medical

portion of the court's analysis. **See Weber v. Weber**, 168 A.3d 266, 270 (Pa.Super. 2017), *appeal denied,* 657 Pa. 548, 226 A.3d 563 (2020) (holding court erred in determining that appellant lacked standing when neither party raised issue of standing).

records submitted by Appellant had limited evidentiary value because Appellant failed to produce a medical expert to testify as to any medical conclusions or diagnosis that could be deduced from the records.[3] Additionally, the court stated that it properly denied Appellant's request to take judicial notice of a document containing information about the drug, Aricept, because the court had no independent knowledge of the drug and Appellant failed to establish that the information came from a source whose accuracy could not be questioned. Moreover, the court indicated that even if it took judicial notice that Aricept was used to treat Alzheimer's disease, dementia, or memory loss, it would not have changed the court's decision to find Mr. Davidson's testimony credible that L.G. was in full control of her mental faculties when she made the property transfers in 2012.

The record supports the Orphans' Court's findings, and we discern no error in the court's conclusion of law. ***See In re Staico, supra***. Accordingly, we affirm on the basis of the Orphans' court's opinion.

Order affirmed.

_____

[3] The portions of the medical records that Appellant highlights are doctors' notes which show that in March of 2012, D.G. raised concerns about L.G.'s forgetfulness. Nevertheless, the records do not contain a medical conclusion that L.G. was cognitively impaired at the time.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/14/2023</u>